# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **JORGE PADILLA and MARISOL PADILLA,** § § § | |
| *Plaintiffs*, § | |
| § | Civil Action No. 3:18-cv-357-KC |
| v. § | |
| § | |
| **SUNTRUST BANKS, INC. and GREENSKY, LLC,** § § § | |
| *Defendants*. | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR MONETARY AND PUNITIVE DAMAGES

Defendants SunTrust Banks, Inc. ("SunTrust") and GreenSky, LLC ("GreenSky") (collectively, "Defendants") file this Original Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief, and for Monetary and Punitive Damages (the "Complaint") in the above entitled and numbered cause, and would respectfully show the following:

## INTRODUCTION

1. With respect to Paragraph 1 in the Complaint, Defendants admit that Plaintiffs allege violations of various statutes. Defendants deny the remaining allegations in Paragraph 1.

2. Paragraph 2 in the Complaint alleges general background statements not pertaining to any specific factual allegations against Defendants. Therefore, no response is

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR MONETARY AND PUNITIVE DAMAGES       PAGE 1

1670987  2553.39

necessary. In the unlikely event such a response could be necessary, Defendants deny the allegations in Paragraph 2.

3. Paragraph 3 in the Complaint alleges general background statements not pertaining to any specific factual allegations against Defendants. Therefore, no response is necessary. In the unlikely event such a response could be necessary, Defendants deny the allegations in Paragraph 3.

4. Paragraph 4 in the Complaint alleges general background statements not pertaining to any specific factual allegations against Defendants. Therefore, no response is necessary. In the unlikely event such a response could be necessary, Defendants deny the allegations in Paragraph 4.

5. Defendants deny the last sentence in Paragraph 5 of the Complaint. With respect to the remaining allegations in Paragraph 5, Defendants deny that SunTrust furnished information to a CRA, but admit that GreenSky furnished information to a CRA. Defendants admit that SunTrust is the creditor on the debt, but deny the debt was assigned to GreenSky. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6. With respect to Paragraph 6 in the Complaint, Defendants admit Plaintiffs disputed the debt and requested validation of the debt. Defendants deny the remaining allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR MONETARY AND PUNITIVE DAMAGES        PAGE 2

1670987 2553.39

9. Paragraph 9 of the Complaint sets forth Plaintiffs' requested relief in this case. Defendants deny Plaintiffs are entitled to any of the relief set forth in Paragraph 9.

**PARTIES**

10. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 10 of the Complaint, and therefore deny same.

11. Defendants admit that SunTrust is a Georgia Corporation. A different entity, SunTrust Bank, is a Georgia state chartered bank that does business in Texas. Defendants deny all remaining allegations contained in Paragraph 11.

12. Defendants deny any allegation that debt collection is GreenSky's primary business. Otherwise, Defendants admit the allegations in Paragraph 12 of the Complaint.

**JURISDICTION AND VENUE**

13. With respect to Paragraph 13 of the Complaint, Defendants do not contest jurisdiction.

14. With respect to Paragraph 14 of the Complaint, Defendants do not contest venue.

**FACTUAL ALLEGATIONS**

15. Defendants admit the allegations in Paragraph 15 of the Complaint, but state that the approval date on the account was September 7, 2016.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 16 of the Complaint, and therefore deny same.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR MONETARY AND PUNITIVE DAMAGES        PAGE 3

1670987 2553.39

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 29 of the Complaint, and therefore deny same.

30. Paragraph 30 of the Complaint does not contain any factual allegations to which a response is required. To the extent a response could be required, Paragraph 30 is denied.

## COUNT ONE
## VIOLATION OF THE FCRA
## 15 U.S.C. § 1681s-2
## (AGAINST DEFENDANTS SUNTRUST and GREENSKY)

31. Defendants repeat and restate their responses to the preceding paragraphs as if fully set forth herein in response to Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains legal conclusions, to which a response from Defendants is not required. To the extent a response could be required, Defendants deny the allegations in Paragraph 32.

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR MONETARY AND PUNITIVE DAMAGES        PAGE 4

1670987 2553.39

33. Paragraph 33 of the Complaint contains legal conclusions, to which a response from Defendants is not required. To the extent a response could be required, Defendants deny the allegations in Paragraph 33.

34. Paragraph 34 of the Complaint contains legal conclusions, to which a response from Defendants is not required. To the extent a response could be required, Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

## COUNT TWO
## VIOLATION OF THE FDCPA
## 15 U.S.C. §§ 1692-1692P
## (AGAINST DEFENDANTS SUNTRUST and GREENSKY)

45. Defendants repeat and restate their responses to the preceding paragraphs as if fully set forth herein in response to Paragraph 45 of the Complaint.

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR MONETARY AND PUNITIVE DAMAGES                    PAGE 5

1670987 2553.39

46. Paragraph 46 of the Complaint contains legal conclusions, to which a response from Defendants is not required. To the extent a response could be required, Defendants deny the allegations in Paragraph 46.

47. Paragraph 47 of the Complaint contains legal conclusions, to which a response from Defendants is not required. To the extent a response could be required, Defendants deny the allegations in Paragraph 47.

48. Paragraph 48 of the Complaint contains legal conclusions, to which a response from Defendants is not required. To the extent a response could be required, Defendants deny the allegations in Paragraph 48.

49. Paragraph 49 of the Complaint contains legal conclusions, to which a response from Defendants is not required. To the extent a response could be required, Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

**COUNT FOUR**
**VIOLATION OF THE TDCA**
**TEX. FIN. CODE §§ 392-392.404**
**(AGAINST DEFENDANTS SUNTRUST and GREENSKY)**

54. Defendants repeat and restate their responses to the preceding paragraphs as if fully set forth herein in response to Paragraph 54 of the Complaint.

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR MONETARY AND PUNITIVE DAMAGES    PAGE 6

1670987 2553.39

55. Paragraph 55 of the Complaint contains legal conclusions, to which a response from Defendants is not required. To the extent a response could be required, Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

## COUNT FIVE
## VIOLATION OF THE DTPA
## TEX. BUS. & COM. CODE § 17.41-63
## (AGAINST DEFENDANTS SUNTRUST and GREENSKY)

57. Defendants repeat and restate their responses to the preceding paragraphs as if fully set forth herein in response to Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint contains legal conclusions, to which a response from Defendants is not required. To the extent a response could be required, Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

## **DEMAND FOR JURY TRIAL**

62. Paragraph 62 of the Complaint is a demand for a jury trial for which no response is necessary.

## **REQUEST FOR RELIEF**

63. Responding to the Request for Relief in the Complaint, Defendant denies that Plaintiff is entitled to the requested relief, including the relief requested in each individual subpart.

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR MONETARY AND PUNITIVE DAMAGES    PAGE 7

1670987 2553.39

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES OR PLEADINGS

64. Pleading further if such pleading is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert the following affirmative defenses and other defenses or pleadings as to Plaintiffs' claims. By asserting any affirmative defense or other defense or pleading herein, Defendants do not assume or alter the burden of proof as to any cause of action or defense that properly belongs to Plaintiffs.

65. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, laches and/or other time bars.

66. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that they adopted reasonable procedures to avoid errors, and that any alleged errors in accounting and/or reporting were made in good faith.

67. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that Plaintiffs have no cause of action for violation of 15 U.S.C. § 1681s-2(a) because the FRCA expressly bars individuals from bringing a private cause of action against a furnisher for providing inaccurate or incomplete information to a consumer reporting agency. *See* U.S.C. §§ 1681s-2(c)-(d).

68. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that Plaintiffs have no cause of action for violation of 15 U.S.C. § 1681s-2(b) because Defendants conducted a reasonable investigation into any dispute by Plaintiffs of their credit report.

Defendants' Original Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief, and for Monetary and Punitive Damages   Page 8

1670987 2553.39

69. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that any alleged acts or omissions that are the subject of Plaintiffs' claims were properly undertaken in the exercise of Defendants' lawful rights.

70. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that any reporting regarding Plaintiffs was not inaccurate or incomplete.

71. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants affirmatively allege that the incident(s) made the basis of this suit and Plaintiffs' damages, if any, were proximately caused by one or more third parties over whom Defendants had no control or right of control.

72. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants affirmatively allege that the incident(s) made the basis of this suit and Plaintiffs' damages, if any, were proximately caused by Plaintiffs' own actions, inactions or negligence.

73. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that the conduct of all parties to this lawsuit including Plaintiffs and any settling parties and responsible third parties should be compared by the court and jury under the doctrine of proportionate responsibility as set forth in the Texas Civil Practice and Remedies Code (including but not limited to §§ 33.001, 33.003, 33,004, 33.011, 33.012, 33.013, 33.015, and 33.016) and in the unlikely event Plaintiffs obtain any award of

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR MONETARY AND PUNITIVE DAMAGES    PAGE 9

1670987 2553.39

damages in this case, Defendants' liability, if any, for any such recovery should be limited to their respective percentages of proportionate responsibility in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code.

74. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that in the unlikely event they are found liable to Plaintiffs, they are entitled to a credit or offset for any and all sums Plaintiffs have received or may hereafter receive by way of any and all settlements arising from Plaintiffs' claims and/or alleged causes of action.

75. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants expressly reserve their rights under Chapters 32 and 33 of the Texas Civil Practice and Remedies Code regarding an election of credit and reduction in the amount of damages to be recovered by Plaintiffs, if any, in the event that Plaintiffs settle with any other person or party.

76. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

77. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that any violation of the FCRA, which Defendants deny, was not willful because Defendants' interpretation of the FCRA is not objectively unreasonable. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR MONETARY AND PUNITIVE DAMAGES        PAGE 10

1670987 2553.39

78. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that Plaintiffs' claims are barred, in whole or in part, because a private litigant is not entitled to injunctive or declaratory relief under the FCRA.

79. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that Plaintiffs' FDCPA and TDCA claims are barred, in whole or in part, because any alleged violation of these statutes, which Defendants deny, was not intentional and was the result of a bona fide error despite reasonable procedures in place to avoid errors.

80. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that Plaintiffs' DTPA claims are barred, in part, by Texas Business & Commerce Code Section 17.49(e).

81. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that Plaintiffs' DTPA claims are barred, in part, by Texas Business & Commerce Code Section 17.506(a)(2).

82. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendants assert that any award of exemplary or punitive damages in this case is subject to all restrictions and limitations on such damages as provided by Chapter 41 of the Texas Civil Practice and Remedies Code and/or any applicable federal law.

83. Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, in the unlikely event Plaintiffs recover an award of pre-

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR MONETARY AND PUNITIVE DAMAGES          PAGE 11

1670987  2553.39

judgment interest for unaccrued damages such an award would violate the following provisions, among others, of the Constitution of the State of Texas and the U.S. Constitution: (i) Trial by Jury, TEX. CONST. Art. I, §15; (ii) Due Process, U.S. CONST. AMEND. V and XIV, TEX. CONST. Art. I, §13; and (iii) Constitutional Rights are Inviolate, TEX. CONST. Art. I, §28. Further, Defendants plead the limitations for pre-judgment interest as set forth in the Texas Finance Code.

84. Defendants affirmatively raise and reserve all applicable equitable defenses, including but not limited to unclean hands.

85. Defendants have insufficient information or knowledge upon which to form a belief as to whether they may have additional affirmative defenses available and reserve the right to assert any such affirmative defenses in the event that discovery indicates they are proper.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants SunTrust Banks, Inc. and GreenSky, LLC pray that Plaintiffs takes nothing by this action and Defendants be dismissed with their costs, and for such other relief, both general and specific, at law or in equity, to which they may be justly entitled.

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR MONETARY AND PUNITIVE DAMAGES    PAGE 12

1670987  2553.39

Respectfully submitted,

By: /s/ *Sean W. Fleming*
   **Sean W. Fleming**
   Texas Bar No. 24027250
   E-Mail: sfleming@macdonalddevin.com
   **Steven R. Baggett**
   Texas Bar No. 01510680
   E-Mail: sbaggett@macdonalddevin.com

**MACDONALD DEVIN, P.C.**
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2014
(214) 744-3300 (Phone)
(214) 747-0942 (Facsimile)

**ATTORNEYS FOR DEFENDANTS SUNTRUST BANKS, INC. AND GREENSKY, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of May, 2019, a copy of the foregoing pleading was forwarded to all counsel of record through the Court's e-filing system in compliance with the Federal Rules of Civil Procedure.

*Via eFile*
Ramona Ladwig
Anthony P. Chester
**HYDE & SWIGART**
1910 Pacific Avenue, Suite 14155
Dallas, TX 75201
*Counsel for Plaintiff*

   */s/ Sean W. Fleming*
   Sean W. Fleming

Defendants' Original Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief, and for Monetary and Punitive Damages                    Page 13

1670987   2553.39